■ In the Matter of the Estate of FIELDING S. ROBINSON, Deceased. HERBERT J. BROWN, as Trustee, et al., Appellants; MANUFACTURERS HANOVER TRUST COMPANY et al., Respondents.— Intermediate decree, Surrogate's Court, New York County, entered May 11, 1972, insofar as appealed from, unanimously reversed, on the law and the facts, and objections sustained, with $60 costs and disbursements to objectants payable out of the estate. The executors' account revealed that certain bonds listed as having a value of $46,507.50 were transferred to decedent's widow during his lifetime as a gift. The proof to support this alleged gift was either hearsay or incompetent under CPLR 4519. A

portion of this latter testimony, erroneously received, was proved to be incorrect (at the time of the alleged gift the largest block of bonds had not been issued) and this discrepancy was never explained. The further contention that these bonds never belonged to the decedent is belied by the executors' account, which lists the bonds as assets transferred within three years of death and on which Federal estate taxes were paid. Neither the corporate executor nor the widow who is the individual executrix offered any explanation as to this. The second objection concerns a note as to which the Surrogate allowed the principal but denied interest. The note was originally given by the decedent as part of the purchase price of the home of the decedent and his wife and was secured by a mortgage. Decedent paid the vendor and received back the note and mortgage. He transferred the note to his wife. The note was long since barred by the Statute of Limitations. Contrary to the court's ruling, the executors would not have been estopped from asserting the statute. We express no opinion on the remaining objections, which were not passed upon. Concur — Nunez, J. P., Kupferman, Steuer, Tilzer and Capozzoli, JJ.